■ ROBERT MILAN et al., Appellants, v HOWARD GOLDMAN, Defendant and Third-Party Plaintiff-Respondent. LEO CONSTRUCTION, INC., et al., Third-Party Defendants-Respondents. [678 NYS2d 129] —In an action, *inter alia,* to recover damages for personal injuries, the plaintiffs appeal from (1) an order of the Supreme Court, Dutchess County (Jiudice, J.), dated September 24, 1997, which granted the motion of the defendant third-party plaintiff for summary judgment dismissing the complaint, and (2) so much of an order of the same court, dated November 20, 1997, as upon reargument, adhered to the prior determination.

Ordered that the appeal from the order dated September 24, 1997, is dismissed, as that order was superseded by the order dated November 20, 1997, made upon reargument; and it is further,

Ordered that the order dated November 20, 1997, is affirmed insofar as appealed from; and it is further,

Ordered that the defendant third-party plaintiff is awarded one bill of costs.

The plaintiff Robert Milan was injured when he fell off the roof of a coach house on the property of Howard Goldman, the

defendant third-party plaintiff, while making repairs to the roof. Goldman's property consisted of a main dwelling house, in which Goldman lived, and the coach house. The upper floor of the coach house was rented to tenants, while the lower floor of the coach house was used by Goldman and his family for storage of personal items.

The Supreme Court properly granted Goldman summary judgment dismissing the complaint. Owners and contractors are subject to strict liability pursuant to Labor Law § 240 (1) and § 241 (6), except owners of one and two-family dwellings who contract for but do not direct or control the work. The exception was enacted to protect those people who, lacking business sophistication, would not know or anticipate the need to obtain insurance to cover them against the absolute liability (*see, Lombardi v Stout,* 80 NY2d 290, 296; *Van Amerogen v Donnini,* 78 NY2d 880, 882). We agree with the Supreme Court that under these facts Goldman was entitled to the statutory dwelling exception (*see, Bartoo v Buell,* 87 NY2d 362; *Cannon v Putnam,* 76 NY2d 644; *cf., Krukowski v Steffensen,* 194 AD2d 179).

The plaintiffs' remaining contentions are without merit. Bracken, J. P., Copertino, Santucci, Florio and McGinity, JJ., concur.