■ FRANK HOLOCEK, Respondent-Appellant, v RICH NOWAK CONSTRUCTION CO., INC., et al., Respondents, and JOHN LYNN, Appellant-Respondent. [686 NYS2d 80] —In an action to recover damages for personal injuries, the defendant John Lynn ap-

peals from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated July 28, 1997, as denied his cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him, and the plaintiff cross-appeals from so much of the same order as denied his motion, *inter alia*, for summary judgment on the issue of liability against the defendant Rich Nowak Construction Co., Inc.

Ordered that the order is affirmed insofar as appealed and cross-appealed from; and it is further,

Ordered that the defendant Rich Nowak Construction Co., Inc., is awarded one bill of costs.

The plaintiff, Frank Holocek, allegedly sustained personal injuries when a wooden plank fell from an upper story at a construction site and struck him in the head. The defendant John Lynn moved for summary judgment, contending that as the owner of the single-family home under construction, he may not be held liable for the plaintiff's injuries pursuant to Labor Law § 240 (1). However, the Supreme Court correctly denied the motion, as there were issues of fact as to whether Lynn, who allegedly served as his own general contractor, exercised direction and control over the work being performed. Furthermore, the court was also correct to deny the plaintiff's motion, *inter alia*, for summary judgment on the issue of liability as against the defendant Rich Nowak Construction Co., Inc. (hereinafter Nowak), as issues of fact exist as to whether Nowak acted in the capacity of a general contractor or as a subcontractor to Lynn. Miller, J. P., Ritter, Goldstein and Luciano, JJ., concur.