■ ERIC ROTHMAN, Respondent, v JAMES SHALJIAN, Defendant, and STEVEN ROSSETTI et al., Appellants. [718 NYS2d 218] —In an action to recover damages for personal injuries, the defendants Steven Rossetti and Donna Rossetti appeal from so much of an order of the Supreme Court, Suffolk County (Oliver, J.), dated November 24, 1999, as denied those branches of their motion which were for summary judgment dismissing the causes of action based upon Labor Law § 240 (1) and § 241 (6) insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff was allegedly injured when he fell from a ladder on the appellants' property while working on a renovation project.

The Supreme Court properly denied those branches of the appellants' motion which were for summary judgment dismissing the causes of action based upon Labor Law § 240 (1) and § 241 (6) insofar as asserted against them. Owners and contractors are subject to strict liability pursuant to Labor Law

§ 240 (1) and § 241 (6), except owners of one- and two-family dwellings who contract for but do not direct or control the work. The exception was enacted to protect those who, lacking business sophistication, would not know or anticipate the need to obtain insurance to cover them against absolute liability (*see, Lombardi v Stout,* 80 NY2d 290; *Van Amerogen v Donnini,* 78 NY2d 880, 882; *Milan v Goldman,* 254 AD2d 263). We agree with the Supreme Court that there is an issue of fact as to whether the appellants exercised the requisite degree of direction and control over the renovation of their home to impose liability under Labor Law § 240 (1) and § 241 (6) (*see, Krukowski v Steffensen,* 194 AD2d 179; *cf., Bartoo v Buell,* 87 NY2d 362; *Cannon v Putnam,* 76 NY2d 644; *Milan v Goldman, supra*; *Rimoldi v Schanzer,* 147 AD2d 541). Mangano, P. J., Luciano, Feuerstein and Schmidt, JJ., concur.