RORY MURPHY et al., Appellants-Respondents, v SAWMILL CONSTRUCTION CORP., Respondent, and PERRY QUARANTI et al., Respondents-Appellants. [792 NYS2d 616]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Rockland County (Nelson, J.), dated January 14, 2004, as, upon renewal and reargument, adhered to its original determination in an order dated June 26, 2003, granting that branch of the motion of the defendants Perry Quaranti, Grace Ann Quaranti, and Quaranti Installations which was for summary judgment dismissing the causes of action alleging violations of Labor Law § 240 (1) and § 241 (6) insofar as asserted against them, and the defendants Perry Quaranti and Grace Ann Quaranti cross-appeal, as limited by their notice of appeal and brief, from so much of the same order,

as, upon reargument, adhered to its original determination in the order dated June 26, 2003, denying that branch of their prior motion made jointly with the defendant Quaranti Installations, which was for summary judgment dismissing the causes of action alleging common-law negligence and violations of Labor Law § 200 insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof, upon reargument, adhering to the original determination in the order dated June 26, 2003, granting that branch of the motion of the defendants Perry Quaranti, Grace Ann Quaranti, and Quaranti Installations which was for summary judgment dismissing the causes of action alleging violations of Labor Law § 240 (1) and § 241 (6) insofar as asserted against the defendants Perry Quaranti and Grace Ann Quaranti and substituting therefor a provision, upon reargument, vacating that portion of the order dated June 26, 2003, and denying that branch of the motion; as so modified, the order dated January 14, 2004, is affirmed insofar as appealed and cross-appealed from, with costs payable by the defendants Perry Quaranti and Grace Ann Quaranti to the plaintiffs, and the causes of action alleging violations of Labor Law § 240 (1) and § 241 (6) are reinstated insofar as asserted against the defendants Perry Quaranti and Grace Ann Quaranti.

The plaintiff Rory Murphy was injured when, while performing renovations, he fell from the roof of a home that the defendants Perry Quaranti and Grace Ann Quaranti rented and had contracted to buy. Along with his wife, the injured plaintiff thereafter sued Perry, Grace Ann, and Quaranti Installations, a trade name Perry used in connection with his plumbing business (hereinafter collectively the Quarantis), asserting causes of action alleging common-law negligence, and violations of Labor Law §§ 200, 240 (1), and § 241 (6).

The Quarantis moved for summary judgment, inter alia, dismissing the causes of action alleging violations of Labor Law § 240 (1) and § 241 (6) insofar as asserted against them, claiming, inter alia, that Perry and Grace Ann were entitled to the homeowner's exemption contained in those provisions, and thus were shielded from liability thereunder. The Supreme Court agreed. Accordingly, it granted summary judgment dismissing those causes of action insofar as asserted against Perry and Grace Ann. The court dismissed the complaint in its entirety insofar as asserted against the defendant Quaranti Installations on the ground that it played no role in this case as a separate entity. In that portion of the order dated January 14, 2004, from which the plaintiffs appeal, the Supreme Court adhered to its

original determination, upon granting the plaintiffs' motion for leave to reargue and renew, and upon granting the Quarantis' cross motion for leave to reargue.

Upon reargument, the Supreme Court should have denied the Quarantis' cross motion to the extent they sought summary judgment dismissing the causes of action alleging violations of Labor Law § 240 (1) and § 241 (6) insofar as asserted against Perry and Grace Ann based on the Labor Law's homeowner's exemption. Both section 240 (1) and section 241 (6) exempt from their coverage the owners of one- and two-family dwellings who "contract for but do not direct or control" the relevant work. We note that the term "owner," for purposes of Labor Law § 240 (1) and § 241 (6), has been construed to include not only property owners but, under certain circumstances, also those who have an interest in property, such as easement holders and lessees (*see Kane v Coundorous*, 293 AD2d 309 [2002]; *Copertino v Ward*, 100 AD2d 565 [1984]). In this case, Perry failed to make a prima facie showing that he did not direct or control the work the injured plaintiff was doing at the premises, and thus Perry and Grace Ann were not entitled to judgment as a matter of law at this stage of the proceedings (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Chura v Baruzzi*, 192 AD2d 918 [1993]).

The Supreme Court properly adhered to that portion of its order dated June 26, 2003, which denied that branch of the Quarantis' motion for summary judgment dismissing the plaintiffs' causes of action alleging common-law negligence and violations of Labor Law § 200 insofar as asserted against Perry and Grace Ann. Perry and Grace Ann failed to make a prima facie showing that they did not have actual or constructive notice of the allegedly unsafe condition which allegedly caused the injured plaintiff's accident (*see Bardouille v Structure-Tone*, 282 AD2d 635 [2001]).

The parties' remaining contentions are without merit. H. Miller, J.P., Cozier, Goldstein and Skelos, JJ., concur.