Second Department, May, 2005

(May 2, 2005)

■ Guillermo Acosta et al., Respondents, v Petros Hadjigavriel et al., Appellants. [794 NYS2d 445]—

In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Kings County (Bayne, J.), dated December 3, 2004, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The defendant Petros Hadjigavriel (hereinafter the defendant) hired the plaintiff Guillermo Acosta (hereinafter the plaintiff) to paint portions of the exterior of his one-family home. The plaintiff allegedly sustained injuries when he fell on the appellants' property from an extension ladder he was using while painting.

The Supreme Court properly denied those branches of the appellants' motion which were for summary judgment dismissing the causes of action based upon Labor Law § 240 (1) and § 241 (6). Owners and contractors are subject to strict liability pursuant to Labor Law § 240 (1) and § 241 (6), except owners of one- and two-family dwellings who contract for but do not direct or control the work. The exception was enacted to protect those who, lacking business sophistication, would not know or anticipate the need to obtain insurance to cover them against absolute liability (*see Lombardi v Stout,* 80 NY2d 290, 296 [1992]; *Van*

*Amerogen v Donnini,* 78 NY2d 880, 882 [1991]; *Milan v Goldman,* 254 AD2d 263, 264 [1998]). We agree with the Supreme Court that there is a triable issue of fact as to whether the defendant, who owned a construction business which employed the plaintiff before the accident (on an unrelated job), exercised the requisite degree of direction and control over the painting of his home to impose liability under Labor Law § 240 (1) and § 241 (6) (*see Rothman v Shaljian,* 278 AD2d 297 [2000]; *Krukowski v Steffensen,* 194 AD2d 179 [1993]; *cf. Bartoo v Buell,* 87 NY2d 362 [1996]; *Cannon v Putnam,* 76 NY2d 644 [1990]; *Milan v Goldman, supra; Rimoldi v Schanzer,* 147 AD2d 541 [1989]).

For an owner to be held liable for common-law negligence or pursuant to Labor Law § 200, a plaintiff must show that the owner supervised or controlled the work, or had actual or constructive notice of the unsafe condition causing the accident (*see Cuartas v Kourkoumelis,* 265 AD2d 293 [1999]). Since there is a triable issue of fact as to whether the defendant exercised direction or control over the plaintiff's work, the Supreme Court also properly denied that branch of the defendants' motion which was for summary judgment dismissing the plaintiffs' claim alleging common-law negligence and a violation of Labor Law § 200 (*see Rimoldi v Schanzer, supra*). S. Miller, J.P., Ritter, Goldstein and Lifson, JJ., concur.