■ Anthony Boccio, Respondent, v Richard Bozik, Appellant. [839 NYS2d 525]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), entered March 21, 2006, as denied his motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly denied that branch of the defendant's motion which was for summary judgment dismissing the causes of action based upon Labor Law § 240 (1) and

§ 241 (6). Owners and contractors are subject to liability pursuant to Labor Law § 240 (1) and § 241 (6), except owners of one- and two-family dwellings who contract for but do not direct or control the work. The exception was enacted to protect those who, lacking business sophistication, would not know or anticipate the need to obtain insurance to cover them against such liability (*see Van Amerogen v Donnini,* 78 NY2d 880, 882 [1991]; *Mayen v Kalter,* 282 AD2d 508 [2001]). "The phrase 'direct and control' as used in those statutes is construed strictly and refers to the situation where the owner supervises the method and manner of the work" (*Ferrero v Best Modular Homes, Inc.,* 33 AD3d 847, 849 [2006] [internal quotation marks omitted]; *see Siconolfi v Crisci,* 11 AD3d 600, 601 [2004]). We agree with the Supreme Court that the defendant failed to establish a prima facie entitlement to summary judgment dismissing the Labor Law § 240 (1) and § 241 (6) causes of action (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]; *Murphy v Sawmill Constr. Corp.,* 17 AD3d 422, 424 [2005]). There is a triable issue of fact as to whether the defendant, who owned a construction business which employed the plaintiff before the accident (on an unrelated job), exercised the requisite degree of direction and control over the renovation of his home to impose liability under Labor Law § 240 (1) and § 241 (6) (*see Acosta v Hadjigavriel,* 18 AD3d 406, 407 [2005]; *Rothman v Shaljian,* 278 AD2d 297 [2000]; *Holocek v Nowak Constr. Co.,* 259 AD2d 466, 467 [1999]).

To be held liable under Labor Law § 200 or for common-law negligence arising from the manner in which work is performed at a work site, an owner must have supervised or controlled the work performed at the site (*see Lombardi v Stout,* 80 NY2d 290, 295 [1992]; *Acosta v Hadjigavriel, supra*). Since there is a triable issue of fact as to whether the defendant exercised direction or control over the plaintiff's work, the Supreme Court also properly denied that branch of the defendant's motion which was for summary judgment dismissing the plaintiff's causes of action alleging common-law negligence and a violation of Labor Law § 200 (*see Acosta v Hadjigavriel, supra*). Spolzino, J.P., Ritter, Lifson and Angiolillo, JJ., concur.