■ ARTUR RYBA, Appellant, v JOAQUIM ALMEIDA et al., Defendants and Third-Party Plaintiffs-Respondents, et al., Defendants. EAST COAST STUCCO & CONSTRUCTION, INC., Third-Party Defendant-Respondent. [843 NYS2d 388]—

In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Rockland County (Weiner, J.), dated April 6, 2006, as granted that branch of the motion of the defendants Joaquim Almeida and Maria Almeida which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion of the defendants Joaquim Almeida and Maria Almeida which was for summary judgment dismissing the complaint insofar as asserted against them is denied, those provisions of the order which denied, as academic, that branch of the motion of the defendants Joaquim Almeida and Maria Almeida which was for conditional common-law indemnification against the third-party defendant, denied, as academic, the cross motion of the third-party defendant to dismiss the third-party complaint, and dismissed, as academic, the cross claim by the defendant Maria Almeida, are vacated, and the matter is remitted to the Supreme Court, Rockland County, for a determination on the merits of that branch of the motion of the defendants Joaquim Almeida and Maria Almeida which was for conditional common-law indemnification against the third-party defendant.

The Supreme Court erred in granting summary judgment dismissing the causes of action predicated on Labor Law § 240 (1) and § 241 (6) asserted against the defendants Joaquim Almeida and Maria Almeida (hereinafter the defendants). The defendants, who owned several construction and real estate development businesses, including the business that poured the foundation for the subject construction project, failed to establish, prima facie, that, as a matter of law, they did not direct or control the plaintiff's work and therefore fell within the scope

of the homeowner's exception to the Labor Law's absolute liability provisions (*see* Labor Law §§ 240, 241; *Boccio v Bozik*, 41 AD3d 754 [2007]; *Acosta v Hadjigavriel*, 18 AD3d 406 [2005]; *Holocek v Nowak Constr. Co.*, 259 AD2d 466 [1999]; *cf. Reilly v Loreco Constr.*, 284 AD2d 384 [2001]; *Lang v Havlicek*, 272 AD2d 298 [2000]).

Similarly, the defendants failed to establish, prima facie, that they exercised no supervisory control over the methods and materials used by the plaintiff in his work (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 505 [1993]). Thus, the Supreme Court also erred in granting summary judgment dismissing the plaintiff's claim predicated on Labor Law § 200.

In light of our determination, we remit the matter to the Supreme Court, Rockland County, for a determination on the merits of that branch of the defendants' motion which was for conditional common-law indemnification against the third-party defendant. Schmidt, J.P., Goldstein, Skelos and Fisher, JJ., concur.