■ CLINTON HUNTER, Appellant, v R.J.L. DEVELOPMENT, LLC, et al., Respondents. (And Other Titles.) [845 NYS2d 352]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much an order of the Supreme Court, Orange County (Alessandro, J.), entered August 2, 2006, as (a) granted those branches of the motion of the defendants Gardens at Rhinebeck, LLC, and Gardens at Rhinebeck Condominium 1, Inc., which were for summary judgment dismissing the plaintiff's causes of action to recover damages for violations of Labor Law §§ 200, 240, and 241 (6) insofar as asserted against them, (b) granted the separate motion of the defendants TAT Enterprises and Tom Maerling which was for summary judgment dismissing the plaintiff's causes of action to recover damages for violations of Labor Law § 240 (1) and § 241 (6) insofar as asserted against them, (c) granted the separate motion of the defendant R.J.L. Development, LLC, which was for summary judgment dismissing the complaint insofar as asserted against it, (d), in effect, searched the record and dismissed the plaintiff's cause of action to recover damages for common-law negligence insofar as asserted against the defendants Gardens at Rhinebeck, LLC, Gardens at Rhinebeck Condominium 1, Inc., TAT Enterprises, and Tom Maerling, and (e), in effect, searched the record and dismissed the plaintiff's cause of action to recover damages for violation of Labor Law § 200 insofar as asserted against the defendants TAT Enterprises and Tom Maerling.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof granting those branches of the motion of

the defendants Gardens at Rhinebeck, LLC, and Gardens at Rhinebeck Condominium 1, Inc., which were for summary judgment dismissing the plaintiff's causes of action to recover damages for violations of Labor Law § 240 and so much of Labor Law § 241 (6) as is predicated on 12 NYCRR 23-1.21 (b) (4) (iv) insofar as asserted against them and substituting therefor a provision denying those branches of the motion, (2) by deleting the provision thereof granting that branch of the separate motion of the defendants TAT Enterprises and Tom Maerling which was for summary judgment dismissing the plaintiff's causes of action to recover damages for violations of Labor Law § 240 (1) and § 241 (6) insofar as is predicated on 12 NYCRR 23-1.21 (b) (4) (iv) insofar as asserted against them and substituting therefor a provision denying that branch of the motion, (3) by deleting the provisions thereof granting that branch of the separate motion of the defendant R.J.L. Development, LLC, which was for summary judgment dismissing the plaintiff's cause of action to recover damages for violation of Labor Law § 240 (1) and granting that branch of the motion which was for summary judgment dismissing the plaintiff's cause of action to recover damages for violation of Labor Law § 241 (6) insofar as is predicated on 12 NYCRR 23-1.21 (b) (4) (iv) and substituting therefor a provision denying those branches of the motions, and (4) by deleting the provision thereof, in effect, searching the record and dismissing the plaintiff's cause of action to recover damages for common-law negligence and violation of Labor Law § 200 insofar as asserted against the defendants TAT Enterprises and Tom Maerling; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the plaintiff payable by the defendants.

The Supreme Court improperly granted summary judgment to each of the defendants dismissing the plaintiff's cause of action seeking damages for violation of Labor Law § 240 (1). The respective defendants failed to demonstrate prima facie entitlement to summary judgment (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Mariaca-Olmos v Mizrhy*, 226 AD2d 437, 438 [1996]). At his deposition, the transcript of which was annexed to the moving papers of the defendants Gardens at Rhinebeck, LLC, Gardens at Rhinebeck Condominium 1, Inc. (hereinafter collectively the Gardens defendants), TAT Enterprises (hereinafter TAT), and Tom Maerling and, in effect, incorporated into the moving papers of the defendant R.J.L. Development, LLC (hereinafter RJL), the plaintiff testified that he was forced to anchor his work ladder on a dirt path and over a cement walk because placing the ladder on the walk would have made it unstable. Furthermore, he testified that he

did the best job that he could to stabilize the ladder on the dirt and that he sought help from both the owner of TAT and the work site manager of RJL, but that neither was available to help him.

The Supreme Court also improperly granted all the defendants summary judgment dismissing in its entirety the cause of action to recover damages for violation of Labor Law § 241 (6). Again, the defendants failed to establish their prima facie entitlement to summary judgment (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d at 851; *Mariaca-Olmos v Mizrhy,* 226 AD2d 437 [1996]). The defendants failed to negate the applicability of 12 NYCRR 23-1.21 (b) (4) (iv) as a predicate for the plaintiff's cause of action for damages for violation of Labor Law § 241 (6) (*see Montalvo v J. Petrocelli Constr., Inc.,* 8 AD3d 173, 176 [2004]). At the time of his fall, the plaintiff was working on or about the sixth rung of the ladder, and the ladder was not secured from the top. The plaintiff concedes that the other Industrial Code sections which he pleaded as a basis of liability (12 NYCRR 23-1.5 and 23-1.7) do not apply here. Accordingly, we affirm the dismissal of this cause of action insofar as predicated on these Industrial Code sections.

The court properly granted summary judgment to the Gardens defendants on the plaintiff's Labor Law § 200 cause of action. In opposition to the prima facie demonstration by the Gardens defendants of the right to summary judgment dismissing the claim, the plaintiff failed to raise a triable issue of fact (*see Berkshire Nursing Ctr., Inc. v Novello,* 13 AD3d 327, 328-329 [2004]). The plaintiff at his deposition disclaimed that the owner of the Gardens defendants told him how to do his job and he provided no evidence that the Gardens defendants exercised control over him (*see Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 505 [1993]; *Lombardi v Stout,* 80 NY2d 290, 295 [1992]). By contrast, RJL, TAT, and Maerling failed to establish their prima facie entitlement to summary judgment dismissing the plaintiff's cause of action for damages for violation of Labor Law § 200 or common-law negligence (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d at 851; *Mariaca-Olmos v Mizrhy,* 226 AD2d at 437). Their own papers in support of their respective motions raise triable issues of fact as to whether they, or any of them, exercised control over the work the plaintiff was performing (*cf. Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d at 506; *McLeod v Corporation of Presiding Bishop of Church of Jesus Christ of Latter Day Sts.,* 41 AD3d 796 [2007]).

Accordingly, while the Supreme Court correctly granted that branch of the motion of the Gardens defendants which was for

summary judgment dismissing the cause of action to recover damages for violation of Labor Law § 200 insofar as asserted against them, it erred in dismissing this cause of action insofar as asserted against RJL and against TAT and Maerling. Its dismissal of this cause of action insofar as asserted against TAT and Maerling was erroneous on the additional ground that TAT and Maerling never moved for this relief; the issues of the viability of the Labor Law § 200 cause of action insofar as asserted against TAT and Maerling were not before the court because these defendants moved to dismiss neither that cause of action nor the analytically identical cause of action based on common-law negligence (*see Dunham v Hilco Constr. Co.,* 89 NY2d 425, 429-430 [1996]). By contrast, the Supreme Court's sua sponte dismissal of the plaintiff's cause of action to recover damages for common-law negligence insofar as asserted against the Gardens defendants, who did move to dismiss the Labor Law § 200 cause of action insofar as asserted against them, can be justified as an unarticulated exercise of its power to search the record (*see* CPLR 3212 [b]). The Gardens defendants never moved to dismiss the common-law negligence cause of action. Yet, this cause of action implicates an issue that was the subject of the motion by the Gardens defendants that was already before the court (*cf. Dunham v Hilco Constr. Co.,* 89 NY2d 425 [1996]). The Gardens defendants moved to dismiss the plaintiff's cause of action for damages for violation of Labor Law § 200. The cause of action to recover damages for common-law negligence implicates the same issues because Labor Law § 200 is but a codification of the common-law duty of a landowner to provide workers with a reasonably safe place to work (*see Lombardi v Stout,* 80 NY2d at 294). Therefore, a search of the record to dismiss the common-law negligence cause of action insofar as asserted against the Gardens defendants would not offend the rule set forth in *Dunham v Hilco Constr. Co.* (89 NY2d at 425).

Finally, the Gardens defendants request that, in the event we modify the order of the Supreme Court, as we are, in fact, doing, we should award summary judgment in their favor for common-law indemnification against RJL. This request is not properly before us in the absence of a cross appeal by the Gardens defendants and is otherwise unavailable on a search of the record pursuant to CPLR 3212 (b) (*see Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d at 505-506). Crane, J.P., Florio, Lifson and Carni, JJ., concur.