◼ PEDRO ZAMORA, Respondent-Appellant, v JANINE FRANTELLIZZI et al., Appellants-Respondents. [846 NYS2d 196]—

In an action to recover damages for personal injuries, the defendants, Janine Frantellizzi and Anthony Frantellizzi, appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Nelson, J.), dated December 11, 2006, as denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Anthony Frantellizzi, and the plaintiff cross-appeals from so much of the same order as denied his cross motion for summary judgment on the issue of liability on his cause of action based upon Labor Law § 240 (1).

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiff, who was employed by a masonry subcontractor

in connection with the construction of the defendants' single-family residence, was injured when he fell from an unsecured ladder. He subsequently commenced this action against the defendants asserting causes of action alleging common-law negligence and violations of Labor Law §§ 200, 240 (1), and § 241 (6).

The Supreme Court properly denied those branches of the defendants' motion which were for summary judgment dismissing the causes of action based upon Labor Law § 240 (1) and § 241 (6) insofar as asserted against the defendant Anthony Frantellizzi (hereinafter Anthony) and in denying the plaintiff's cross motion for summary judgment against both defendants on the issue of liability on his cause of action based upon Labor Law § 240 (1). Owners and contractors are subject to liability pursuant to Labor Law § 240 (1) and § 241 (6), except owners of one- and two-family dwellings who contract for but do not direct or control the work. The exception was enacted to protect those who, lacking in business sophistication, would not know or anticipate the need to obtain insurance to cover them against liability (*see Miller v Shah*, 3 AD3d 521, 522 [2004]; *see also Van Amerogen v Donnini*, 78 NY2d 880, 882 [1991]). We agree with the Supreme Court that there is an issue of fact as to whether Anthony exercised the requisite degree of direction and control over the construction of his home to impose liability under Labor Law § 240 (1) and § 241 (6) (*see Acosta v Hadjigavriel*, 18 AD3d 406, 406-407 [2005]; *Rothman v Shaljian*, 278 AD2d 297, 298 [2000]; *Holocek v Nowak Constr. Co.*, 259 AD2d 466, 467 [1999]). Further, the Supreme Court properly concluded that the defendant Janine Frantellizzi was entitled to the homeowners' exemption (*see Garcia v Petrakis*, 306 AD2d 315 [2003]).

Since there is a triable issue of fact as to whether Anthony exercised direction or control over the work, the Supreme Court also properly denied that branch of the defendants' motion which was for summary judgment dismissing the common-law negligence and Labor Law § 200 causes of action insofar as asserted against Anthony (*see Acosta v Hadjigavriel*, 18 AD3d 406 [2005]). Spolzino, J.P., Santucci, Balkin and Dickerson, JJ., concur.