■ Bryon Sharoh et al., Appellants, v Timothy A. Hourihan et al., Defendants, and Creative Homes, Inc., Respondent. (Appeal No. 1.) Bryon Sharoh et al., Respondents-Appellants, v Timothy A. Hourihan et al., Appellant-Respondent, et al., Defendant. (Appeal No. 2.) [854 NYS2d 539]—In an action to recover damages for personal injuries, etc., (1) the plaintiffs appeal from an order of the Supreme Court, Dutchess County (Brands, J.), dated June 11, 2007, which granted the motion of the defendant Creative Homes, Inc., for summary judgment dismissing the complaint insofar as asserted against it and denied their cross motion for summary judgment on the issue of liability as against the defendant Creative Homes, Inc., and (2) the defendant Timothy A. Hourihan appeals, as limited by his notice of appeal and brief, from so much of an order of the same court, also dated June 11, 2007, as denied that branch of his motion which was for summary judgment dismissing the complaint insofar as asserted against him, and the plaintiffs cross-appeal, as limited by their brief, from so much of the same order as denied their cross motion for summary judgment on the issue of liability as against the defendant Timothy A. Hourihan.

Ordered that the orders are affirmed insofar as appealed and cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant Creative Homes, Inc., payable by the plaintiffs.

The Supreme Court properly granted the motion of the defendant Creative Homes, Inc. (hereinafter Creative), for summary judgment dismissing the complaint insofar as asserted against it. Creative established its prima facie entitlement to judgment dismissing the causes of action asserted against it pursuant to Labor Law §§ 200, 240 (1), and § 241 (6), and alleging common-law negligence (*see McLeod v Corporation of Presiding Bishop of Church of Jesus Christ of Latter Day Sts.*, 41 AD3d 796, 798 [2007]; *cf. Williams v Dover Home Improvement*, 276 AD2d 626 [2000]; *Kulaszewski v Clinton Disposal Servs.*, 272 AD2d 855 [2000]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Hunter v R.J.L. Dev., LLC*, 44 AD3d 822, 824 [2007]).

With respect to the motion of the defendant Timothy A. Hourihan and that branch of the plaintiffs' cross motion as to him, the Supreme Court correctly determined that there were triable issues of fact as to the liability of that defendant on the common-law negligence and Labor Law § 200 causes of action (*see Zamora v Frantellizzi*, 45 AD3d 580, 581 [2007]; *Hunter v R.J.L. Dev., LLC*, 44 AD3d at 824), as well as on the Labor Law § 240 (1) and § 241 (6) causes of action, notwithstanding his status as the owner of the home where the work was being done (*see Zamora v Frantellizzi*, 45 AD3d at 581; *Hunter v R.J.L. Dev., LLC*, 44 AD3d at 824; *Ryba v Almeida*, 44 AD3d 740, 741 [2007]; *Boccio v Bozik*, 41 AD3d 754, 755 [2007]; *Acosta v Hadjigavriel*, 18 AD3d 406, 407 [2005]).

The parties' remaining contentions are without merit. Fisher, J.P., Ritter, Dillon and McCarthy, JJ., concur.