MYNOR ORELLANA, Respondent-Appellant, v DUTCHER AVENUE BUILDERS, INC., Defendant and Third-Party Defendant-Respondent-Appellant, and ELLEN MEAGHER et al., Defendants and Third-Party Plaintiffs-Appellants-Respondents, et al., Defendant. [871 NYS2d 352]—

In an action to recover damages for personal injuries, the defendants third-party plaintiffs, Ellen Meagher and Christopher Meagher, appeal from so much of an order of the Supreme Court, Dutchess County (Pagones, J.), dated September 26, 2007, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them, the defendant third-party defendant, Dutcher Avenue Builders, Inc., cross-

appeals, as limited by its notice of cross appeal and brief, from so much of the same order as denied that branch of its cross motion which was for summary judgment dismissing the complaint insofar as asserted against the defendants third-party plaintiffs, and the plaintiff separately cross-appeals from so much the same order as denied his cross motion for summary judgment on the causes of action based upon Labor Law § 240 (1) and § 200.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendants third-party plaintiffs which was for summary judgment dismissing the complaint insofar as asserted against the defendant third-party plaintiff Christopher Meagher and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiff was injured while working on a renovation project at the residence of the defendants third-party plaintiffs Ellen Meagher and Christopher Meagher (hereinafter together the Meaghers). The plaintiff fell from the roof of the Meaghers' house while removing a tarp that was affixed to the roof.

The Supreme Court properly denied those branches of the Meaghers' motion which were for summary judgment dismissing the causes of action based upon Labor Law § 240 (1) and § 241 (6) insofar as asserted against Ellen Meagher (hereinafter Ellen) and properly denied that branch of the plaintiff's cross motion which was for summary judgment on the cause of action based upon Labor Law § 240 (1) insofar as asserted against Ellen. There is an issue of fact as to whether Ellen—who was an architect, was on the job site daily, and had weekly meetings with the contractor—directed or controlled the method and manner in which the tarp was affixed to the roof (*see Zamora v Frantellizzi*, 45 AD3d 580, 581 [2007]; *Boccio v Bozik*, 41 AD3d 754, 755 [2007]; *Acosta v Hadjigavriel*, 18 AD3d 406 [2005]; *Murphy v Sawmill Constr. Corp.*, 17 AD3d 422, 424 [2005]; *Chura v Baruzzi*, 192 AD2d 918 [1993]).

However, the Supreme Court improperly concluded that Christopher Meagher (hereinafter Christopher) was not entitled to the exemption from liability under Labor Law § 240 (1) and § 241 (6) for owners of one- or two-family dwellings who do not direct or control the method and manner of the work (*see Arama v Fruchter*, 39 AD3d 678 [2007]; *Miller v Shah*, 3 AD3d 521 [2004]; *Valentin v Thirty-Four Sq. Corp.*, 227 AD2d 467 [1996]). After Christopher met his prima face burden of establishing that he did not direct or control the method and manner of the

plaintiff's work (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]), the plaintiff failed to raise a triable issue of fact in opposition (*see Uddin v Three Bros. Constr. Corp.*, 33 AD3d 691 [2006]). Christopher's involvement was "merely a retention of 'the limited power of general supervision' " (*Jumawan v Schnitt*, 35 AD3d 382, 383 [2006], quoting *Decavallas v Pappantoniou*, 300 AD2d 617, 618 [2002]), and was no more extensive than would be expected of the typical homeowner who hired a contractor to renovate his or her home.

Furthermore, "when a claim arises out of alleged defects or dangers in the methods or materials of the work, recovery against the owner or general contractor cannot be had under Labor Law § 200 unless it is shown that the party to be charged had the authority to supervise or control the performance of the work" (*Ortega v Puccia*, 57 AD3d 54, 61 [2008]). "Although property owners often have a general authority to oversee the progress of the work, mere general supervisory authority at a work site for the purpose of overseeing the progress of the work and inspecting the work product is insufficient to impose liability under Labor Law § 200" (*id.* at 62). "A defendant has the authority to supervise or control the work for the purposes of Labor Law § 200 when the defendant bears responsibility for the manner in which the work is performed" (*id.*). Since there is a triable issue of fact as to whether Ellen had the authority to supervise or control the performance of the plaintiff's work, the Supreme Court also properly denied that branch of the Meaghers' motion which was for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 insofar as asserted against her (*id.*). However, the Supreme Court should have granted that branch of the Meaghers' motion which was for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 insofar as asserted against Christopher.

The parties' remaining contentions are either not properly before this Court or without merit. Santucci, J.P., Covello, Leventhal and Belen, JJ., concur.