■ ROBERT E. WALSH, Respondent, v RICHARD F. KRESGE, Appellant. [893 NYS2d 137]—

"Labor Law § 240 requires contractors and property owners, engaged in, among other things, the construction, demolition, or repair of buildings or structures, to furnish or erect scaffolding, ladders, pulleys, ropes, and other safety devices, which must be constructed, placed, or operated as to give proper protection for workers" (*Ortega v Puccia*, 57 AD3d 54, 58 [2008]). An owner of a one- or two-family dwelling is exempt from liability under Labor Law § 240 (1) unless he or she directed or controlled the work being performed (*see* Labor Law § 240 [1]; *Chowdhury v Rodriguez*, 57 AD3d 121, 127 [2008]; *Ortega v Puccia*, 57 AD3d at 58; *Boccio v Bozik*, 41 AD3d 754, 755 [2007]; *Arama v Fruchter*, 39 AD3d 678, 679 [2007]; *Mc-Glone v Johnson*, 27 AD3d 702, 702 [2006]). "The statutory phrase 'direct or control' is construed strictly and refers to situ-

ations where the owner supervises the method and manner of the work" (*Ortega v Puccia*, 57 AD3d at 59; *see Boccio v Bozik*, 41 AD3d at 755; *Arama v Fruchter*, 39 AD3d at 679). Contrary to the defendant's contention, the Supreme Court correctly determined that he was not entitled to the protection of the homeowner's exemption. The evidence submitted by the plaintiff in support of his motion for summary judgment on the issue of liability established, prima facie, that the defendant supervised the methods and the manner of the work (*see generally Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). In opposition, the defendant failed to raise a triable issue of fact (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on so much of the complaint as alleged a violation of Labor Law § 240 (1).

The defendant's remaining contentions are without merit. Rivera, J.P., Miller, Dickerson and Roman, JJ., concur.