■ MICHAEL PARNELL et al., Respondents, v BABUREDDY MAREDDY et al., Appellants, et al., Defendant. [897 NYS2d 108]—

The defendant Babureddy Mareddy hired P & M Builders (hereinafter P & M) to demolish a home Mareddy owned with his wife, the defendant Jyothis Babureddy (hereinafter together the homeowners), and to erect a new home on the site. The plaintiff Michael Parnell, a carpenter working on the second floor of the home, was injured when he stepped, lost his balance, and fell into an open stairwell.

The injured plaintiff, and his wife, derivatively, commenced this action against the homeowners and P & M. The complaint asserted, inter alia, a cause of action alleging violations of Labor Law §§ 200, 240 (1) and § 241 (6) and § 241-a.

The homeowners moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court found that triable issues of fact existed as to whether the homeowners directed or controlled the work being performed on the home and, accordingly, denied the motion. We reverse.

The homeowners made a prima facie showing of entitlement to judgment as a matter of law by offering sufficient evidence to demonstrate the absence of any triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]; Zuckerman v City of New York, 49 NY2d 557 [1980]). To receive the protection of the homeowners' exemption, a homeowner has to satisfy two prongs required by the statutes (see Chowdhury v Rodriguez, 57 AD3d 121, 126 [2008]). First, a homeowner has to show that the work was conducted at a dwelling that is a residence for only one or two families (see Labor Law § 240 [1]; § 241 [6]; Chowdhury v Rodriguez, 57 AD3d at 126). Here, it is undisputed that the work was performed at the homeowners' one-family dwelling.

"The second requirement of the homeowners' exemption is that the homeowners 'not direct or control the work' " (*Chowdhury v Rodriguez*, 57 AD3d at 126, quoting Labor Law § 240 [1]; § 241 [6]). This inquiry focuses on whether the homeowners supervised the methods and manner of the work (*see Chowdhury v Rodriguez*, 57 AD3d at 127; *Ortega v Puccia*, 57 AD3d 54 [2008]). The evidence submitted by the homeowners here demonstrated as a matter of law that the homeowners did not direct or control the work (*see* Labor Law § 240 [1]; § 241 [6]; *Chowdhury v Rodriguez*, 57 AD3d at 126-127; *Arama v Fruchter*, 39 AD3d 678, 679 [2007]; *Ferrero v Best Modular Homes, Inc.*, 33 AD3d 847, 849-850 [2006]; *Garcia v Petrakis*, 306 AD2d 315, 316 [2003]; *Tilton v Gould*, 303 AD2d 491, 491-492 [2003]). In response, the plaintiffs failed to raise a triable issue of fact (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]). Thus, the homeowners were entitled to summary judgment dismissing those causes of action which alleged violations of Labor Law § 240 (1) and § 241 (6) insofar as asserted against them. Moreover, the Court of Appeals has held that the homeowners' exemption from liability under Labor Law § 240 (1) and § 241 (6) applies to Labor Law § 241-a (*see Khela v Neiger*, 85 NY2d 333, 337 [1995]). Thus, the homeowners were entitled to summary judgment dismissing the cause of action which alleged a violation of Labor Law § 241-a insofar as asserted against them.

Finally, the homeowners were entitled to summary judgment dismissing the cause of action which alleged a violation of Labor Law § 200 insofar as asserted against them (*see Ortega v Puccia*, 57 AD3d at 62-63; *Arama v Fruchter*, 39 AD3d at 679; *Ferrero v Best Modular Homes, Inc.*, 33 AD3d at 850-851). Rivera, J.P., Dillon, Belen and Roman, JJ., concur.