■ JOSE PAVON, Appellant, v YOSSEF KORAL, Respondent, et al., Defendants. (And a Third-Party Action.) [979 NYS2d 401]—

The plaintiff, who was employed by a roofing contractor in connection with the renovation of a single-family residence

owned by the defendant Yossef Koral, was injured when he fell from an unsecured ladder. He subsequently commenced this action, asserting causes of action alleging, among other things, violations of Labor Law §§ 240 (1) and 241 (6).

The Supreme Court erred in granting those branches of Koral's motion which were for summary judgment dismissing the causes of action based upon Labor Law §§ 240 (1) and 241 (6) insofar as asserted against him. "Labor Law § 240 (1) and § 241 (6) contain identical language exempting from the statutes owners of one and two-family dwellings who contract for but do not direct or control the work" (*Chowdhury v Rodriguez*, 57 AD3d 121, 126 [2008] [internal quotation marks omitted]). This homeowner's exemption "was enacted to protect those who, lacking business sophistication, would not know or anticipate the need to obtain insurance to cover them against absolute liability" (*Acosta v Hadjigavriel*, 18 AD3d 406, 406 [2005]). Here, there remain triable issues of fact as to whether Koral, who owned real estate development businesses, exercised the requisite degree of direction and control over the renovation of his home to impose liability under Labor Law §§ 240 (1) and 241 (6) (*see Szczepanski v Dandrea Constr. Corp.*, 90 AD3d 642, 644 [2011]; *Rodriguez v Gany*, 82 AD3d 863, 864-865 [2011]; *Zamora v Frantellizzi*, 45 AD3d 580, 581 [2007]; *Ryba v Almeida*, 44 AD3d 740, 740-741 [2007]; *Boccio v Bozik*, 41 AD3d 754, 755 [2007]). Contrary to Koral's contention, the plaintiff's brief on appeal sufficiently placed the dismissal of the causes of action under both Labor Law §§ 240 (1) and 241 (6) before this Court.

Contrary to the plaintiff's contention, the Supreme Court properly denied his cross motion for summary judgment on the issue of liability on his cause of action pursuant to Labor Law § 240 (1).

The plaintiff's remaining contentions are without merit. Skelos, J.P., Dillon, Dickerson and Austin, JJ., concur.