Walsh v Kenny (2023 NY Slip Op 04791)

Walsh v Kenny

2023 NY Slip Op 04791

Decided on September 27, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 27, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2021-07009
 (Index No. 613815/18)

[*1]Patrick Walsh, appellant, 
v
Edward Kenny, respondent.

Kujawski & Kujawski, Deer Park, NY (Jennifer A. Spellman and Mark Kujawski of counsel), for appellant.
DeSena & Sweeney, LLP, Bohemia, NY (Ronni Robbins Kravatz of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated September 21, 2021. The order, insofar as appealed from, granted those branches of the defendant's motion which were for summary judgment dismissing the causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 241(6).
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the defendant's motion which were for summary judgment dismissing the causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 241(6) are denied.
The plaintiff allegedly was injured while removing and replacing boards on a backyard deck at a residence owned by the defendant. In July 2018, the plaintiff commenced this personal injury action, asserting causes of action alleging common-law negligence and violations of Labor Law §§ 200, 240(1), and 241(6). The defendant moved for summary judgment dismissing the complaint. In an order dated September 21, 2021, the Supreme Court granted the defendant's motion. The plaintiff appeals from so much of the order as granted those branches of the defendant's motion which were for summary judgment dismissing the causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 241(6).
"Labor Law § 241(6) imposes a nondelegable duty upon owners and contractors to [*2]provide reasonable and adequate protection and safety to construction workers" (Aragona v State of New York, 147 AD3d 808, 809 [internal quotation marks omitted]). However, "[o]wners of one- or two-family dwellings are exempt from liability under Labor Law § 241(6) unless they directed or controlled the work being performed" (Venter v Cherkasky, 200 AD3d 932, 932; see Boccio v Bozik, 41 AD3d 754, 755). The homeowner's exemption "was enacted to protect those who, lacking business sophistication, would not know or anticipate the need to obtain insurance to cover them against such liability" (Boccio v Bozik, 41 AD3d at 755; see Van Amerogen v Donnini, 78 NY2d 880, 882; Ramirez v I.G.C. Wall Sys., Inc., 140 AD3d 1047, 1048). "In order for a defendant to receive the protection of the homeowner's exemption, the defendant must show that (1) the premises consisted of a one- or two-family residence, and (2) the owner did not direct or control the work being performed" (Marquez v Mascioscia, 165 AD3d 912, 913; see Chowdhury v Rodriguez, 57 AD3d 121, 126-127). "Applicability of the exemption turns on whether the site and purpose of the work was connected to the owner's residential use of the property" (Marquez v Mascioscia, 165 AD3d at 913). "Where an owner engages in both commercial and residential uses of the property, a 'determination as to whether the exemption applies . . . must be based on the owner's intentions at the time of the injury'" (id., quoting Caiazzo v Mark Joseph Contr., Inc., 119 AD3d 718, 721).
Here, the defendant failed to establish his prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging a violation of Labor Law § 241(6). Although the defendant demonstrated that the work being performed at his single-family home was directly related to its residential use (see Umanzor v Charles Hofer Painting & Wallpapering, Inc., 48 AD3d 552, 553), the defendant failed to establish, prima facie, that he did not direct or control the plaintiff's work. In support of his motion, the defendant submitted, among other things, a transcript of the plaintiff's deposition testimony, in which the plaintiff testified that, at the time of the accident, the defendant owned a business that employed the plaintiff to perform carpentry work on decks and that the defendant instructed the plaintiff on which boards to remove and replace at the defendant's home. The plaintiff also testified that the defendant provided all of the materials and tools that the plaintiff used for the work at the defendant's home. Thus, the defendant's submissions failed to eliminate triable issues of fact as to whether he directed or controlled the plaintiff's work (see Boccio v Bozik, 41 AD3d at 755; Acosta v Hadjigavriel, 18 AD3d 406, 407).
"Labor Law § 200 is a codification of the common-law duty imposed on owners, contractors, and their agents to provide workers with a safe place to work" (Modugno v Bovis Lend Lease Interiors, Inc., 184 AD3d 820, 822; see Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 352). "Cases involving Labor Law § 200 fall into two broad categories: namely, those where workers are injured as a result of dangerous or defective premises conditions at a worksite, and those involving the manner in which the work is performed" (Ortega v Puccia, 57 AD3d 54, 61). Where a premises condition is at issue, "[f]or liability to be imposed on the property owner, there must be evidence showing that the property owner either created a dangerous or defective condition, or had actual or constructive notice of it without remedying it within a reasonable time" (Reyes v Arco Wentworth Mgt. Corp., 83 AD3d 47, 51; see Modugno v Bovis Lend Lease Interiors, Inc., 184 AD3d at 822). "By contrast, where a claim arises out of alleged dangers or defects in the means and methods of the work, an owner may be held liable for common-law negligence or a violation of Labor Law § 200 only if he or she 'had the authority to supervise or control the performance of the work'" (Medina-Arana v Henry St. Prop. Holdings, LLC, 186 AD3d 1666, 1668, quoting Ortega v Puccia, 57 AD3d at 61).
Here, the plaintiff's accident arose from the means and methods of the work, not from [*3]a dangerous premises condition (see Medina-Arana v Henry St. Prop. Holdings, LLC, 186 AD3d at 1668-1669). Contrary to the defendant's contention, he failed to establish his prima facie entitlement to judgment as a matter of law dismissing the Labor Law § 200 and common-law negligence causes of action, since he failed to eliminate triable issues of fact as to whether he had the authority to supervise or control the plaintiff's work (see Boccio v Bozik, 41 AD3d at 755).
Accordingly, the Supreme Court should have denied those branches of the defendant's motion which were for summary judgment dismissing the causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 241(6), without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
DUFFY, J.P., CHAMBERS, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court