Buchanan v De Orio (2025 NY Slip Op 02309)

Buchanan v De Orio

2025 NY Slip Op 02309

Decided on April 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2023-05874
 (Index No. 516478/19)

[*1]John Buchanan, appellant, 
v
Michael De Orio, et al., respondents.

The Clancy Law Firm, P.C. (Niall MacGiollabhui, New York, NY, of counsel), for appellant.
Rankin Savidge, PLLC, Mineola, NY (Brian R. Kenney and Karen Rankin of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Carl J. Landicino, J.), dated March 23, 2023. The order granted the defendants' motion for summary judgment dismissing the complaint and denied the plaintiff's cross-motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1).
ORDERED that the order is affirmed, with costs.
In July 2018, the defendants entered into a contract with nonparty A-1 Unlimited Services to perform work on their home located in Brooklyn. The contract included, inter alia, the removal and reinstallation of the gutters on the home. The defendants declined the use of scaffolding for this project, against the advice of Vincent Valenti, the owner of A-1 Unlimited Services. The plaintiff, who was employed by A-1 Unlimited Services, worked on this project for four days. The project was completed in 2018.
In February 2019, the defendant Michael De Orio contacted Valenti to hire someone to clean and seal the gutters that had been installed the previous year. Valenti contacted the plaintiff to complete the job and provided him with ladders to do so. The plaintiff allegedly was injured while performing this work when he fell approximately 20 feet from one of the ladders onto the ground. The plaintiff commenced this action against the defendants to recover damages for personal injuries, alleging violations of Labor Law §§ 200, 240(1), 241(6), as well as common-law negligence.
After joinder of issue and the completion of discovery, the defendants moved for summary judgment dismissing the complaint. The plaintiff opposed the defendants' motion and cross-moved for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1). In an order dated March 23, 2023, the Supreme Court granted the defendants' motion and denied the plaintiff's cross-motion. The plaintiff appeals.
With regard to the plaintiff's Labor Law §§ 240(1) and 241(6) causes of action, the homeowner's exemption to liability under those statutes applies to "owners of one and two-family [*2]dwellings who contract for but not direct or control the work" (Labor Law §§ 240[1]; 241[6]; see Walsh v Kenny, 219 AD3d 1555, 1556; Marquez v Mascioscia, 165 AD3d 912, 913). The phrase "direct or control" as used in those statutes is strictly construed and refers to the situation where the homeowner supervises the method and manner of the work (see Hicks v Aibani, 157 AD3d 870, 871; Parnell v Mareddy, 69 AD3d 915, 916).
Here, it is undisputed that the defendants' home is a two-family dwelling (see Hicks v Aibani, 157 AD3d at 871; Parnell v Mareddy, 69 AD3d at 915). Further, the defendants established, prima facie, that they did not direct or control the work (see Ortega v Puccia, 57 AD3d 54, 59). In opposition, the plaintiff failed to raise a triable issue of fact (see Affri v Basch, 13 NY3d 592, 596; cf. Venter v Cherkasky, 200 AD3d 932, 933). Contrary to the plaintiff's contention, the defendants did not "control the use of ladders" while the plaintiff was sealing the gutters by refusing to install scaffolding on the earlier related, but finished, project.
With regard to the plaintiff's Labor Law § 200 and common-law negligence causes of action, Labor Law § 200 is a codification of the common-law duty imposed on property owners, among others, to provide workers with a safe place to work (see Walsh v Kenny, 219 AD3d at 1557; Medina-Arana v Henry St. Prop. Holdings, 186 AD3d 1666, 1668). Where, as here, a claim arises out of alleged dangers in the means and methods of the work, an owner may be held liable for a violation of Labor Law § 200 or common-law negligence only if the owner had the authority to supervise or control the performance of the work (see Walsh v Kenny, 219 AD3d at 1557; Medina-Arana v Henry St. Prop. Holdings, 186 AD3d at 1668). An owner has the authority to supervise or control the work for purposes of Labor Law § 200 when that owner bears the responsibility for the manner in which the work is performed (see Medina-Arana v Henry St. Prop. Holdings, 186 AD3d at 1668).
Here, the defendants established, prima facie, that they did not exercise supervision or control over the performance of the work (see Turgeon v Vassar Coll., 172 AD3d 1134, 1136). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint and denied the plaintiff's cross-motion for summary judgment on the issue of liability on the cause of action alleging a violation Labor Law § 240(1).
CONNOLLY, J.P., FORD, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court