Salgado v Rubin (2020 NY Slip Op 02640)





Salgado v Rubin


2020 NY Slip Op 02640


Decided on May 6, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 6, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2018-14485
 (Index No. 8516/15)

[*1]Johnny Salgado, appellant, 
v
Kenneth Rubin, et al., respondents (and a third-party action).


Brian J. Levy & Associates, PLLC (Mitchell Dranow, Sea Cliff, NY, of counsel), for appellant.
Gerber Ciano Kelly Brady LLP, Garden City, NY (Dennis J. Brady and Jamie R. Prisco of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (William G. Ford, J.), dated October 10, 2018. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
In January 2015, the plaintiff, employed by a water, smoke, and fire damage restoration company, was working at the defendants' vacation home in Bridgehampton, which had sustained water damage from a burst pipe in the attic. While the plaintiff was standing on a floor joist in the attic, he fell to the floor below when the joist allegedly moved, sustaining injuries.
In May 2015, the plaintiff commenced this action against the defendants, alleging causes of action to recover damages for common-law negligence as well as violations of Labor Law §§ 200, 240(1), and 241(6). Following discovery, the defendants moved for summary judgment dismissing the complaint. The Supreme Court granted the motion. The plaintiff appeals.
Owners of one- or two-family dwellings are exempt from liability under both Labor Law §§ 240(1) and 241(6) unless they directed or controlled the work being performed (see Szczepanski v Dandrea Constr. Corp., 90 AD3d 642, 643). " The homeowner's exemption was enacted to protect owners of one- and two-family dwellings who are not in a position to realize, understand, and insure against the responsibilities of strict liability imposed by Labor Law §§ 240(1) and 241(6)'" (Abdou v Rampaul, 147 AD3d 885, 886, quoting Ramirez v I.G.C. Wall Sys., Inc., 140 AD3d 1047, 1048; see Levy v Baumgarten, 147 AD3d 823, 823-824). " The phrase direct or control as used in those statutes is construed strictly and refers to the situation where the owner supervised the method and manner of the work'" (Lazo v Ricci, 178 AD3d 811, 812, quoting Torres v Levy, 32 AD3d 845, 846).
In support of their motion, the defendants demonstrated, prima facie, that they were entitled to the benefit of the homeowner's exemption by proffering evidence that they were owners of a one-family dwelling and that they did not direct or control the work being performed (see [*2]Chavez-Lezama v Kun Gao, 173 AD3d 826, 827). In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contention, the defendants' purported requests, including that the workers install insulation to prevent the pipe from freezing again, provide good documentation for the insurance company, and use booties on their feet to protect the floors, and that two workers move sentimentally valuable statues from the work area, simply involved instructions as to aesthetic matters or the exercise of general supervision which do not amount to direction or control in the context of the Labor Law homeowner's exemption (see Levy v Baumgarten, 147 AD3d at 824; Edgar v MonteChiari, 271 AD2d 396, 397). Therefore, we agree with the Supreme Court's determination to grant that branch of the defendants' motion which was for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6).
We also agree with the Supreme Court's determination to grant that branch of the defendants' motion which was for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200. "Section 200 of the Labor Law merely codified the common-law duty imposed upon an owner or general contractor to provide construction site work[ers] with a safe place to work" (Russin v Louis N. Picciano & Son, 54 NY2d 311, 316-317). "To be held liable under Labor Law § 200 for injuries arising from the manner in which work is performed, a defendant must have authority to exercise supervision and control over the work'" (Rojas v Schwartz, 74 AD3d 1046, 1046, quoting Gallelo v MARJ Distribs., Inc., 50 AD3d 734, 735). Where the plaintiff's injuries arise from a dangerous condition on the premises, a defendant may be liable under Labor Law § 200 "if it either created the dangerous condition that caused the accident or had actual or constructive notice of the dangerous condition'" (Rojas v Schwartz, 74 AD3d at 1047, quoting Ortega v Puccia, 57 AD3d 54, 61). If an accident allegedly involves both the manner of the work as well as a dangerous condition at the worksite, a defendant moving for summary judgment with respect to an alleged violation of Labor Law § 200 is obligated to address the evidence applicable to both liability standards (see Dasilva v Nussdorf, 146 AD3d 859, 860).
Here, the defendants demonstrated, prima facie, that they did not direct or control the plaintiff's work. Through evidence that they lacked any prior knowledge of the existence of the joist from which the plaintiff fell, the defendants further demonstrated that they neither created the allegedly dangerous condition nor had actual or constructive knowledge of it. In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contention, the defendants' alleged knowledge that the house was shoddily constructed and that the joists were missing a metal plate did not amount to actual knowledge that the joists constituted a dangerous condition.
Accordingly, we agree with the Supreme Court's determination granting the defendants' motion for summary judgment dismissing the complaint.
MASTRO, J.P., DILLON, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court