Medina-Arana v Henry St. Prop. Holdings, LLC (2020 NY Slip Op 05199)





Medina-Arana v Henry St. Prop. Holdings, LLC


2020 NY Slip Op 05199


Decided on September 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2019-08213
 (Index No. 608894/17)

[*1]Elio Medina-Arana, respondent, 
v
Henry Street Property Holdings, LLC, appellant, et al., defendant (and a third-party action).


Congdon, Flaherty, O'Callaghan, Reid, Donlon, Travis & Fishlinger, Uniondale, NY (Michael T. Reagan of counsel), for appellant.
Edelman, Krasin & Jaye, PLLC, Westbury, NY (Aaron D. Fine of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Henry Street Property Holdings, LLC, appeals from an order of the Supreme Court, Queens County (Diccia T. Pineda-Kirwan, J.), dated May 23, 2019. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against that defendant, and denied those branches of that defendant's cross motion which were for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated upon an alleged violation of Industrial Code provision 12 NYCRR 23-5.1(b) insofar as asserted against it.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the defendant Henry Street Property Holdings, LLC, and substituting therefore a provision denying that branch of the motion, and (2) by deleting the provision thereof denying that branch of the cross motion of the defendant Henry Street Property Holdings, LLC, which was for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 insofar as asserted against it, and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant Henry Street Property Holdings, LLC.
The plaintiff allegedly was injured when he fell from a scaffold, which was approximately six feet in height and lacked guardrails on the sides. At the time of the accident, the plaintiff was working at a construction site during the course of his employment with JD Construction Group. The premises were owned by Henry Street Property Holdings, LLC (hereinafter Henry Street). The plaintiff commenced this action against Henry Street and another defendant, alleging common-law negligence and violations of Labor Law §§ 200, 240(1) and 241(6). Henry Street appeals from so much of an order as granted that branch of the plaintiff's motion which was [*2]for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against Henry Street and denied those branches of Henry Street's cross motion which were for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated upon an alleged violation of Industrial Code provision 12 NYCRR 23-5.1(b) insofar as asserted against it.
Liability under Labor Law § 240(1) is contingent on a statutory violation and proximate cause (see Blake v Neighborhood Hous. Servs. of N.Y., 1 NY3d 280, 287). "Not every worker who falls at a construction site, and not every object that falls on a worker, gives rise to the extraordinary protections of Labor Law § 240(1). Rather, liability is contingent upon the existence of a hazard contemplated in section 240(1) and the failure to use, or the inadequacy of, a safety device of the kind enumerated therein" (Narducci v Manhasset Bay Assoc., 96 NY2d 259, 267; see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d at 288). "[A] fall from a scaffold does not establish, in and of itself, that proper protection was not provided, and the issue of whether a particular safety device provided proper protection is generally a question of fact for the jury" (Alava v City of New York, 246 AD2d 614, 615 [citations omitted]; see Blake v Neighborhood Hous. Servs. of New York City, 1 NY3d at 288-289; Carrion v City of New York, 111 AD3d 872, 873). Moreover, the absence of guardrails on a scaffold six feet in height does not necessarily constitute a violation of Labor Law § 240(1) (see Holly v County of Chautauqua, 13 NY3d 931, 932; see also Bland v Manocherian, 66 NY2d 452, 461-462).
Here, we disagree with the Supreme Court's determination to grant that branch of the plaintiff's motion which was for summary judgement on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against Henry Street. The plaintiff failed to eliminate triable issues of fact as to whether the scaffolding at issue provided proper protection under Labor Law § 240(1) (see Holly v County of Chautauqua, 13 NY3d at 932; see also Bland v Manocherian, 66 NY2d at 461-462; Hucke v Suffolk County Water Auth., 119 AD3d 735, 735). Therefore, the Supreme Court should have denied that branch of the plaintiff's motion, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
"Labor Law § 200(1) is a codification of the common-law duty of an owner or general contractor to provide workers with a safe place to work" (Ortega v Puccia, 57 AD3d 54, 60; see Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 352). Cases involving Labor Law § 200 fall into two broad categories, those where workers are injured as a result of dangerous or defective premises conditions at a work site, and those involving the manner in which the work is performed (see Ortega v Puccia, 57 AD3d at 61). "Where a premises condition is at issue, property owners may be held liable for a violation of Labor Law § 200 if the owner either created the dangerous condition that caused the accident or had actual or constructive notice of the dangerous condition that caused the accident" (Ortega v Puccia, 57 AD3d at 61). By contrast, where a claim arises out of alleged dangers or defects in the means and methods of the work, an owner may be held liable for common-law negligence or a violation of Labor Law § 200 only if he or she "had the authority to supervise or control the performance of the work" (Ortega v Puccia, 57 AD3d at 61). "Although property owners often have a general authority to oversee the progress of the work, mere general supervisory authority at a worksite for the purpose of overseeing the progress of the work and inspecting the work product is insufficient to impose liability under Labor Law § 200" (Ortega v Puccia, 57 AD3d at 62). "A defendant has the authority to supervise or control the work for purposes of Labor Law § 200 when that defendant bears the responsibility for the manner in which the work is performed" (Ortega v Puccia, 57 AD3d at 62).
Here, the plaintiff's accident did not involve any dangerous or defective condition on Henry Street's premises. Rather, the accident involved the manner in which the plaintiff performed his work (see Roblero v Bais Ruchel High Sch., Inc., 175 AD3d 1446, 1448; Ortega v Puccia, 57 AD3d at 62). Henry Street established, prima facie, that it did not have the authority to exercise supervision and control over the subject work (see Turgeon v Vassar Coll., 172 AD3d 1134, 1136; Sobenis v Harridge House Assoc. of 1984, 111 AD3d 917, 918; see also Ortega v Puccia, 57 AD3d [*3]at 61-62). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted that branch of Henry Street's cross motion which was for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 insofar as asserted against it.
With regard to the plaintiff's Labor Law § 241(6) cause of action, that section "requires owners and contractors to provide reasonable and adequate protection and safety for workers and to comply with the specific safety rules and regulations promulgated by the Commissioner of the Department of Labor" (Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501-502 [internal quotation marks omitted]; see St. Louis v Town of N. Elba, 16 NY3d 411, 413). "In order to state a claim under section 241(6), a plaintiff must allege that the property owners violated a regulation that sets forth a specific standard of conduct and not simply a recitation of common-law safety principles" (St. Louis v Town of N. Elba, 16 NY3d at 414).
Here, we agree with the Supreme Court's determination to deny that branch of Henry Street's cross motion which was for summary judgment dismissing so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated upon an alleged violation of Industrial Code provision 12 NYCRR 23-5.1(b) insofar as asserted against it. That section provides that "[t]he footing or anchorage for every scaffold erected on or supported by the ground, grade or equivalent surface shall be sound, rigid, capable of supporting the maximum load intended to be imposed thereon without settling or deformation and shall be secure against movement in any direction." Henry Street failed to sustain its prima facie burden of demonstrating that Industrial Code provision 12 NYCRR 23-5.1(b) was either factually inapplicable to this case or was satisfied (see McCallister v 200 Park, L.P., 92 AD3d 927, 929-930; Abreo v URS Greiner Woodward Clyde, 60 AD3d 878, 881). Therefore, we agree with the denial of that branch of Henry Street's cross motion, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
LEVENTHAL, J.P., LASALLE, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court