Bulux v Moran (2020 NY Slip Op 07158)





Bulux v Moran


2020 NY Slip Op 07158


Decided on December 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SHERI S. ROMAN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2019-01298
 (Index No. 563/16)

[*1]Santos Bulux, respondent, 
v
Wilfredo Moran, et al., defendants, William Sullivan, appellant.


Kelly, Rode & Kelly, LLP, Mineola, NY (Eric P. Tosca of counsel), for appellant.
Lipsig Shapey Manus & Moverman, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Melissa B. Ringel], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant William Sullivan appeals from an order of the Supreme Court, Queens County (Salvatore J. Modica, J.), entered December 7, 2018. The order denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against him.
ORDERED that the order is affirmed, with costs.
In September 2015, the plaintiff, a roof mechanic employed by Diplomat Construction Company, was working at premises owned by the defendant William Sullivan (hereinafter the defendant). While using a nail gun to attach plywood to the beams on the roof of the premises, the plaintiff slipped and fell. As the plaintiff fell, he shot himself in the knee with the nail gun. The plaintiff commenced this personal injury action, alleging causes of action to recover damages for common-law negligence and violations of Labor Law §§ 200, 240(1), and 241(6). The defendant moved for summary judgment dismissing the complaint insofar as asserted against him. The Supreme Court denied the motion, and the defendant appeals.
"Owners of one- or two-family dwellings are exempt from liability under both Labor Law §§ 240(1) and 241(6) unless they directed or controlled the work being performed" (Salgado v Rubin, 183 AD3d 617, 618; see Szczepanski v Dandrea Constr. Corp., 90 AD3d 642, 643). "The exception was enacted to protect those who, lacking business sophistication, would not know or anticipate the need to obtain insurance to cover them against absolute liability" (Acosta v Hadjigavriel, 18 AD3d 406, 406). "The phrase direct or control as used in those statutes is construed strictly and refers to the situation where the owner supervises the method and manner of the work" (Torres v Levy, 32 AD3d 845, 846 [internal quotation marks omitted]; see Salgado v Rubin, 183 AD3d at 618).
In support of his motion, the defendant demonstrated, prima facie, that he was entitled to the benefit of the homeowner's exemption by submitting evidence that he was the owner of a one-family dwelling and that he did not direct or control the work being performed (see Salgado v Rubin, 183 AD3d at 618; Ramirez v Begum, 35 AD3d 578). However, in opposition, the plaintiff raised triable issues of fact as to whether the aim of the construction was to further a commercial [*2]enterprise (see Morgan v Rosselli, 9 AD3d 417, 419) and whether the defendant directed or controlled the work (see Rodriguez v Gany, 82 AD3d 863, 864-865).
"Labor Law § 200 codifies the common-law duty of an owner or contractor to provide employees with a safe place to work" (Niewojt v Nikko Constr. Corp., 139 AD3d 1024, 1025). "Where a plaintiff's claims implicate the means and methods of the work, an owner or a contractor will not be held liable under Labor Law § 200 unless it had the authority to supervise or control the performance of the work. General supervisory authority to oversee the progress of the work is insufficient to impose liability" (Sullivan v New York Athletic Club of City of N.Y., 162 AD3d 955, 958; see Salgado v Rubin, 183 AD3d at 618-619). Here, in opposition to the defendant's prima facie showing of entitlement to judgment as a matter of law dismissing the Labor Law § 200 and common-law negligence causes of action insofar as asserted against him, the plaintiff raised a triable issue of fact as to whether the defendant had the authority to supervise or control the means and methods in which the plaintiff performed his work (see Rajkumar v Lal, 170 AD3d 761, 762-763).
The defendant's remaining contention is without merit.
Accordingly, we agree with the Supreme Court's determination denying the defendant's motion for summary judgment dismissing the complaint insofar as asserted against him.
BALKIN, J.P., ROMAN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court