Venter v Cherkasky (2021 NY Slip Op 07022)





Venter v Cherkasky


2021 NY Slip Op 07022


Decided on December 15, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 15, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SYLVIA O. HINDS-RADIX, J.P.
COLLEEN D. DUFFY
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2018-02898
 (Index No. 8927/15)

[*1]Laszlo Venter, appellant,
v
Michael Cherkasky, et al., respondents.


Lipsig Shapey Manus & Moverman, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac, Jillian Rosen, Christopher Soverow, and Sanford Hausler], of counsel), for appellant.
Cuomo, LLC, Mineola, NY (Matthew A. Cuomo of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Rudolph E. Greco, Jr., J.), entered January 26, 2018. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.
The plaintiff was employed as a painter by L & T Finishing, Inc., a company hired by the defendants to paint and re-finish cabinets and a kitchen island at their home. The plaintiff sustained injuries when an explosion occurred while he was applying lacquer thinner to remove paint from the kitchen island. The plaintiff commenced this action to recover damages for his injuries, asserting causes of action alleging violations of Labor Law §§ 241(6) and 200 and common-law negligence. The defendants moved for summary judgment dismissing the Labor Law § 241(6) cause of action on the ground that they were entitled to the homeowner's exemption from liability, and the causes of action pursuant to Labor Law § 200 and common-law negligence on the ground that the defendants did not supervise the method or manner of the plaintiff's work. The Supreme Court granted the motion, and the plaintiff appeals.
Owners of one- or two-family dwellings are exempt from liability under Labor Law § 241(6) unless they directed or controlled the work being performed (see Bulux v Moran, 189 AD3d 761, 762; Salgado v Rubin, 183 AD3d 617, 618). The phrase "direct or control," as used in Labor Law § 241(6), "is construed strictly and refers to the situation where the owner supervises the method and manner of the work" (Bulux v Moran, 189 AD3d at 762 [internal quotation marks omitted]; see Salgado v Rubin, 183 AD3d at 618; Lazo v Ricci, 178 AD3d 811, 811-812). "[I]n ascertaining whether a particular homeowner's actions amount to direction or control of a project, the relevant inquiry is the degree to which the owner supervised the method and manner of the actual work being performed by the injured employee" (Rajkumar v Lal, 170 AD3d 761, 762 [internal quotation marks omitted]; see Wadlowski v Cohen, 150 AD3d 930, 931).
Here, the defendants failed to establish, prima facie, that they did not direct or control the method and manner of the plaintiff's work. The plaintiff testified at his deposition that the defendant Betsy Cherkasky instructed him as to which renovation work to perform and the manner in which it was to be done. Specifically, at the time of the accident, the plaintiff was applying lacquer thinner to the kitchen island, as opposed to sanding off the paint as the plaintiff had done to kitchen cabinets on the days prior to the accident, because Betsy told him to use that product, as she did not want any more dust. Accordingly, the defendants failed to eliminate all triable issues of fact as to whether they directed or controlled the injury-producing method of work and failed to establish, prima facie, their entitlement to the homeowner exemption of Labor Law § 241(6) (see Boccio v Bozik, 41 AD3d 754, 755; Garcia v Martin, 285 AD2d 391, 392-393; Chura v Baruzzi, 192 AD2d 918, 919; cf. Jumawan v Schnitt, 35 AD3d 382, 383). Although the defendants submitted affidavits from themselves and Laszlo Terjeki, the principal of plaintiff's employer, stating that the defendants did not give direction to the plaintiff as to how he should perform the work and that any directions were given by Terjeki, these merely created a triable issue of fact. Furthermore, a report from the Occupational Safety and Health Administration (hereinafter OSHA) failed to eliminate all triable issues of fact as to whether the defendants directed or controlled the injury-producing work.
Moreover, the defendants failed to make a prima facie showing of their entitlement to judgment as a matter of law dismissing the Labor Law § 200 and common-law negligence causes of action. "Labor Law § 200 is a codification of the common-law duty imposed on owners, contractors, and their agents to provide workers with a safe place to work" (Modugno v Bovis Lend Lease Interiors, Inc., 184 AD3d 820, 822; see Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 352; Medina-Arana v Henry St. Prop. Holdings, LLC, 186 AD3d 1666, 1668). "Cases involving Labor Law § 200 fall into two broad categories" (Medina-Arana v Henry St. Prop. Holdings, LLC, 186 AD3d at 1668; see Modugno v Bovis Lend Lease Interiors, Inc., 184 AD3d at 822). "The first category involves worker injuries arising out of alleged dangerous or defective conditions on the premises where the work is performed" (Modugno v Bovis Lend Lease Interiors, Inc., 184 AD3d at 822; see Medina-Arana v Henry St. Prop. Holdings, LLC, 186 AD3d at 1668). "Where a premises condition is at issue, property owners may be held liable for a violation of Labor Law § 200 if the owner either created the dangerous condition that caused the accident or had actual or constructive notice of the dangerous condition that caused the accident" (Medina-Arana v Henry St. Prop. Holdings, LLC, 186 AD3d at 1668 [internal quotation marks omitted]; see Modugno v Bovis Lend Lease Interiors, Inc., 184 AD3d at 822). The second category "involves injuries arising from the method and manner of the work" (Modugno v Bovis Lend Lease Interiors, Inc., 184 AD3d at 822; see Medina-Arana v Henry St. Prop. Holdings, LLC, 186 AD3d at 1668). "[W]here a claim arises out of alleged dangers or defects in the means and methods of the work, an owner may be held liable for common-law negligence or a violation of Labor Law § 200 only if he or she had the authority to supervise or control the performance of the work" (Medina-Arana v Henry St. Prop. Holdings, LLC, 186 AD3d at 1668 [internal quotation marks omitted]; see Modugno v Bovis Lend Lease Interiors, Inc., 184 AD3d at 822). Where, as here, the plaintiff alleges that an accident involves both a dangerous condition on the premises and the means and methods of the work, "the property owner moving for summary judgment with respect to causes of action alleging a violation of Labor Law § 200 is obligated to address the proof applicable to both liability standards" (Moscati v Consolidated Edison Co. of N.Y., Inc., 168 AD3d 717, 720; see Robles v Taconic Mgt. Co., LLC, 173 AD3d 1089, 1092). In such a case, the moving defendants may prevail only when the evidence exonerates them as a matter of law "'for all potential concurrent causes of the plaintiff's accident and injury, and . . . no triable issue of fact is raised in opposition as to either relevant liability standard'" (Rodriguez v Metropolitan Transp. Auth., 191 AD3d 1026, 1028, quoting Reyes v Arco Wentworth Mgt. Corp., 83 AD3d 47, 52).
Here, the defendants failed to establish, prima facie, that they did not have actual or constructive notice of the allegedly dangerous electrical wiring in the kitchen (see Gancarz v Brooklyn Pier 1 Residential Owner, L.P., 190 AD3d 955; Eliassian v G.F. Constr., Inc., 190 AD3d 947; Zholanji v 52 Wooster Holdings, LLC, 188 AD3d 1300), and that they did not direct or control the method and manner in which the plaintiff performed the injury-producing work (see Boccio v Bozik, 41 AD3d at 755). Contrary to the defendants' contention, the citation in the OSHA report for Terjeki failing to ensure that his employees did not apply a flammable liquid "within 50 feet of a [*2]source of ignition such as an operating refrigerator" did not eliminate all triable issues of fact as to the cause of the explosion.
Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint, without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
HINDS-RADIX, J.P., DUFFY, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court