Depass v Mercer Sq., LLC (2023 NY Slip Op 04363)

Depass v Mercer Sq., LLC

2023 NY Slip Op 04363

Decided on August 23, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 23, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2021-03647
 (Index No. 706728/20)

[*1]Gerald Depass, respondent,
v
Mercer Square, LLC, et al., appellants.

Litchfield Cavo, LLP, New York, NY (Ralph A. Cosentino and Lyndsey Bechtel of counsel), for appellants.
Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY (Brian J. Isaac and Jillian Rosen of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Robert J. McDonald, J.), dated April 27, 2021. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) and to strike the first, third, ninth, tenth, fourteenth, and fifteenth affirmative defenses.
ORDERED that the order is modified, on the law, by deleting the provisions thereof granting those branches of the plaintiff's motion which were for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the defendant Madison Management, LLC, and to strike the first, ninth, fourteenth, and fifteenth affirmative defenses, and substituting therefor provisions denying those branches of the plaintiff's motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff allegedly was injured when he fell from a ladder while working in a building purportedly owned by the defendant Mercer Square, LLC (hereinafter Mercer), and managed by the defendant Madison Management, LLC (hereinafter Madison). In June 2020, the plaintiff commenced this action against the defendants to recover damages for his injuries, alleging violations of Labor Law §§ 200, 240(1), and 241(6). In November 2020, prior to any depositions, the plaintiff moved, inter alia, for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action, and to strike certain affirmative defenses. In an order dated April 27, 2021, the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) and to strike the first, third, ninth, tenth, fourteenth, and fifteenth affirmative defenses. The defendants appeal.
"To successfully assert a cause of action under Labor Law § 240(1), a plaintiff must establish that he or she was injured during the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure" (Enos v Werlatone, Inc., 68 AD3d 713, 714 [internal quotation marks omitted]; see McCarthy v City of New York, 173 AD3d 1165, 1165). The statute protects workers employed in the enumerated acts, even while performing duties ancillary to those acts (see Prats v Port Auth. of N.Y. & N.J., 100 NY2d 878, 882; Hensel v Aviator FSC, Inc., 198 AD3d 884, 886). Here, the plaintiff's submissions demonstrated that his work was part of a larger [*2]demolition project subject to coverage under the statute, and the work that he was doing when he allegedly was injured, removing carpeting, was ancillary to that demolition (see Solis v 32 Sixth Ave. Co. LLC, 38 AD3d 389; Baranello v Rudin Mgt. Co., 13 AD3d 245).
Labor Law § 240(1) imposes liability only on contractors, owners, or their agents. "An agency relationship for purposes of section 240(1) arises only when work is delegated to a third party who obtains the authority to supervise and control the job. Where responsibility for the activity surrounding an injury was not delegated to the third party, there is no agency liability under the statute" (Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 293). Here, the plaintiff failed to demonstrate, prima facie, either that Madison was the managing agent for the building or that Madison supervised or controlled any of the work being performed in the building (see Burgund v Cushman & Wakefield, Inc., 167 AD3d 441, 442; Russo v Hudson View Gardens, Inc., 91 AD3d 556, 557). Accordingly, the Supreme Court should have denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against Madison, without regard to the sufficiency of the defendants' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
In light of our determination, Madison is entitled to raise the first, ninth, fourteenth, and fifteenth affirmative defenses. However, the Supreme Court properly granted that branch of the plaintiff's motion which was to strike the third affirmative defense, assumption of the risk, as that doctrine is generally limited to risks arising from voluntary participation in athletic and recreational activities (see Thompson v 1241 PVR, LLC, 104 AD3d 1298, 1299). The court also properly granted that branch of the plaintiff's motion which was to strike the tenth affirmative defense, asserting the emergency doctrine, as the defendants were not faced with a sudden and unexpected circumstance (see Bello v Transit Auth. of N.Y. City, 12 AD3d 58, 60).
The defendants' remaining contentions are without merit.
BARROS, J.P., GENOVESI, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court