Jia Zhong Liu v Yung (2024 NY Slip Op 01170)

Jia Zhong Liu v Yung

2024 NY Slip Op 01170

Decided on March 6, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 6, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
JANICE A. TAYLOR, JJ.

2022-07197
 (Index No. 517196/18)

[*1]Jia Zhong Liu, respondent,
v
Jack Chiang Min Yung, et al., appellants (and a third-party action).

Litchfield Cavo LLP, New York, NY (Robert G. Macchia of counsel), for appellants.
The Law Office of James Lo, Esq., P.C. (Alexander J. Wulwick, New York, NY, of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Robin K. Sheares, J.), dated August 18, 2022. The order, insofar as appealed from, denied those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 240(1) insofar as asserted against the defendant Jack Chiang Min Yung.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff allegedly was injured when he fell from a ladder while working at the one-family home of the defendants, Jack Chiang Min Yung and Tzufen Chiang Chen. According to the plaintiff, the defendant Jack Chiang Min Yung, himself, positioned the unsecured A-frame ladder on an exterior deck and instructed the plaintiff to climb it in order to address an apparent leak in a second-floor bathroom. The plaintiff testified that he performed work throughout the interior of the defendants' home, including the bathroom.
The plaintiff thereafter commenced this action to recover damages for personal injuries against the defendants, and, in an amended complaint, asserted causes of action alleging, inter alia, common-law negligence and violations of Labor Law §§ 200 and 240(1). The defendants moved for summary judgment dismissing the amended complaint. The Supreme Court, among other things, granted those branches of the motion which were for summary judgment dismissing the amended complaint insofar as asserted against the defendant Tzufen Chiang Chen, and denied those branches of the motion which were for summary judgment dismissing the causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 240(1) insofar as asserted against the defendant Jack Chiang Min Yung.
The Supreme Court properly denied that branch of the motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the defendant Jack Chiang Min Yung. "Labor Law § 240(1) protects workers from elevation-related hazards while they are involved in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure" (Bonilla-Reyes v Ribellino, 169 AD3d 858, [*2]860 [internal quotation marks omitted]; see Martinez v City of New York, 93 NY2d 322, 325-326; Estrella v ZRHLE Holdings, LLC, 218 AD3d 640, 643). "The intent of the statute was to protect workers employed in the enumerated acts, even while performing duties ancillary to those acts" (Prats v Port Auth. of N.Y. & N.J., 100 NY2d 878, 882; see Depass v Mercer Sq., LLC, 219 AD3d 801, 802). The statute "'is to be construed as liberally as may be for the accomplishment of that purpose'" (Bonilla-Reyes v Ribellino, 169 AD3d at 860, quoting Zimmer v Chemung County Performing Arts, 65 NY2d 513, 521 [internal quotation marks omitted]; see Saint v Syracuse Supply Co., 25 NY3d 117, 124). "The question whether a particular [activity] falls within [Labor Law] section 240(1) must be determined on a case-by-case basis, depending on the context of the work" (Prats v Port Auth. of N.Y. & N.J., 100 NY2d at 883; see Ramones v 425 County Rd., LLC, 217 AD3d 977, 978; Bonilla-Reyes v Ribellino, 169 AD3d at 860).
Here, the defendants' submissions failed to demonstrate, prima facie, that the plaintiff's activity was not performed as part of the larger renovation project and therefore falls outside of the reach of Labor Law § 240(1) (see Depass v Mercer Sq., LLC, 219 AD3d at 802; Aguilar v Henry Mar. Serv., Inc., 12 AD3d 542, 543-544).
In addition, "'[o]wners of one- or two-family dwellings are exempt from liability under [Labor Law § 240(1)] unless they directed or controlled the work being performed'" (Bulux v Moran, 189 AD3d 761, 762, quoting Salgado v Rubin, 183 AD3d 617, 618; see Szczepanski v Dandrea Constr. Corp., 90 AD3d 642, 643). "'The exception was enacted to protect those who, lacking business sophistication, would not know or anticipate the need to obtain insurance to cover them against absolute liability'" (Bulux v Moran, 189 AD3d at 762, quoting Acosta v Hadjigavriel, 18 AD3d 406, 406; see Pavon v Koral, 113 AD3d 830, 831). "'The phrase direct or control as used in [that statute] is construed strictly and refers to the situation where the owner supervises the method and manner of the work'" (Bulux v Moran, 189 AD3d at 762, quoting Torres v Levy, 32 AD3d 845, 846; Reinoso v Han Ma Um Zen Ctr. of N.Y., Inc., 206 AD3d 772, 773).
Here, the defendants also failed to demonstrate, prima facie, that the defendant Jack Chiang Min Yung did not direct or control the plaintiff's work as a matter of law.
Further, the Supreme Court properly denied those branches of the motion which were for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 insofar as asserted against the defendant Jack Chiang Min Yung. "'Labor Law § 200 codifies the common-law duty of an owner or contractor to provide employees with a safe place to work'" (Bulux v Moran, 189 AD3d at 762, quoting Niewojt v Nikko Constr. Corp., 139 AD3d 1024, 1025; Venter v Cherkasky, 200 AD3d 932, 933). "Where a plaintiff's claims implicate the means and methods of the work, an owner or a contractor will not be held liable under Labor Law § 200 unless it had the authority to supervise or control the performance of the work. General supervisory authority to oversee the progress of the work is insufficient to impose liability" (Sullivan v New York Athletic Club of City of N.Y., 162 AD3d 955, 958; see Salgado v Rubin,183 AD3d at 618-619; Rajkumar v Lal, 170 AD3d 761, 762).
Here, the defendants failed to make a prima facie showing that the defendant Jack Chiang Min Yung lacked the authority to supervise or control the performance of the plaintiff's work as a matter of law.
Accordingly, the Supreme Court properly denied those branches of the motion which were for summary judgment dismissing the causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 240(1) insofar as asserted against the defendant Jack Chiang Min Yung, without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
We decline the plaintiff's request to search the record and award summary judgment in his favor on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1).
LASALLE, P.J., CHAMBERS, CHRISTOPHER and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court