Silva v City of New York (2025 NY Slip Op 04675)

Silva v City of New York

2025 NY Slip Op 04675

Decided on August 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
CHERYL E. CHAMBERS
JANICE A. TAYLOR
PHILLIP HOM, JJ.

2024-01618
 (Index No. 500436/19)

[*1]Joao P. Silva, appellant, 
v
City of New York, respondent, et al., defendant.

Segan Nemerov Singer Sonin & Tancer, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac, Maria T. Fasulo, and Jillian Rosen], of counsel), for appellant.
Lewis Brisbois Bisgaard & Smith LLP, New York, NY (Meredith Drucker Nolen, Joelle Jensen, and James Strauss of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Debra Silber, J.), dated December 14, 2023. The order, insofar as appealed from, denied the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation Labor Law § 240(1) insofar as asserted against the defendant City of New York and granted those branches of the motion of the defendant City of New York which were for summary judgment dismissing the causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 240(1) insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff was a laborer employed by a construction company, which contracted with the defendant City of New York to perform emergency sewer repair work in Brooklyn. The plaintiff was injured at a worksite when he was assisting his foreman in loading a metal plate into the back of a dump truck. The foreman used an excavator equipped with a chain to move the plate from the ground into the back of the dump truck. Once the plate was in the back of the dump truck, the plaintiff climbed up the side of the truck to unhook the chain from the plate. However, almost immediately when he put his right hand on the side of the dump truck to pull himself up, the plate moved and crushed his hand, resulting in his right ring finger being amputated.
The plaintiff commenced this action in January 2019, asserting, inter alia, causes of action alleging violations of Labor Law §§ 200 and 240(1) and common-law negligence. The Supreme Court, among other things, denied the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the City and granted those branches of the City's motion which were for summary judgment dismissing that cause of action and the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against it. The plaintiff appeals.
"Labor Law § 240(1) imposes on owners or general contractors and their agents a nondelegable duty, and absolute liability for injuries proximately caused by the failure to provide [*2]appropriate safety devices to workers who are subject to elevation-related risks" (Flores v Fort Green Homes, LLC, 227 AD3d 672, 673 [internal quotation marks omitted]). "To successfully assert a cause of action under Labor Law § 240(1), a plaintiff must establish that he or she was injured during the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure" (Depass v Mercer Sq., LLC, 219 AD3d 801, 802 [internal quotation marks omitted]). "The statute protects workers employed in the enumerated acts, even while performing duties ancillary to those acts" (id.; see Prats v Port Auth. of N.Y. & N.J., 100 NY2d 878, 882).
Here, the City established, prima facie, that the plaintiff was provided with adequate securing devices and that his injury was not a result of an elevation-related risk (see Flores v Fort Green Homes, LLC, 227 AD3d at 673). In this regard, the plaintiff conceded that the metal plate was level with his hand when it caused his injury and testified at his deposition that none of the equipment malfunctioned or failed to work properly. In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of the City's motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against it. For the same reasons, the court properly denied the plaintiff's motion for summary judgment on the issue of liability on that cause of action insofar as asserted against the City.
Labor Law § 200 is a codification of the common-law duty of property owners and general contractors to provide workers with a safe place to work (see Grasso v New York State Thruway Auth., 159 AD3d 674, 678). "When a claim arises out of alleged defects or dangers involving the manner in which the work was performed, a general contractor will be held liable under Labor Law § 200 only if it possessed the authority to supervise or control the means and methods of the work" (Reyes v Sligo Constr. Corp., 214 AD3d 1014, 1017). "[G]eneral supervisory authority at a work site for the purpose of overseeing the progress of the work and inspecting the work product is insufficient to impose liability under Labor Law § 200" (id. [internal quotation marks omitted]).
Here, the City established, prima facie, through the deposition testimony of one of its employees, that it did not supervise or control the plaintiff's method of work with respect to the metal plate. In opposition, the plaintiff failed to raise a triable issue of fact as to whether the City supervised or controlled that work (see id.). Accordingly, the Supreme Court properly granted those branches of the City's motion which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against it.
The plaintiff's remaining contentions are either without merit or academic in light of our determination.
GENOVESI, J.P., CHAMBERS, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court