Chiriboga-Herrera v Litt (2026 NY Slip Op 00344)

Chiriboga-Herrera v Litt

2026 NY Slip Op 00344

Decided on January 28, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 28, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
DEBORAH A. DOWLING
LILLIAN WAN
JANICE A. TAYLOR, JJ.

2024-03315
 (Index No. 607523/22)

[*1]Joselyn Natalia Chiriboga-Herrera, et al., plaintiffs-appellants, 
vMarty Litt, respondent, Spiotta Construction Management Corp., defendant-appellant, et al., defendant (and a third-party action).

Sullivan Papain Block McManus Coffinas & Cannavo P.C., Garden City, NY (Christopher J. DelliCarpini and Stephen C. Glasser of counsel), for plaintiff-appellant Joselyn Natalia Chiriboga-Herrara, and Suris & Associates, P.C., Melville, NY (Maria Zambrano Steinhaus of counsel), for plaintiff-appellant Elva Castro (one brief filed).
Hannum Feretic Prendergast & Merlino, LLC, New York, NY (Beth L. Rogoff-Gribbins and David Feehan of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries and wrongful death, the plaintiffs separately appeal, and the defendant Spiotta Construction Management Corp. separately appeals, from an order of the Supreme Court, Nassau County (James P. McCormack, J.), entered January 25, 2024. The order, insofar as appealed from by the plaintiffs, granted that branch of the motion of the defendant Marty Litt which was for summary judgment dismissing the complaint insofar as asserted against him. The appeal by the defendant Spiotta Construction Management Corp. was deemed dismissed pursuant to 22 NYCRR 1250.10(a).
ORDERED that the appeal by the plaintiff Elva Castro is dismissed, as no appeal lies from an order entered on the default of the appealing party (see CPLR 5511); and it is further,
ORDERED that the order is reversed insofar as appealed from by the plaintiff Joselyn Natalia Chiriboga-Herrara, on the law, and that branch of the motion of the defendant Marty Litt which was for summary judgment dismissing the complaint insofar as asserted against him is denied; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff Joselyn Natalia Chiriboga-Herrara.
William Orlando Barzallo-Diaz (hereinafter the decedent) allegedly was struck in the head by a falling beam weighing approximately 1,000 pounds while working on a construction project at property owned by the defendant Marty Litt. The decedent was pronounced dead at the scene of the accident. The plaintiffs commenced this action as co-administrators of the decedent's estate, asserting causes of action alleging violations of Labor Law §§ 200, 240(1), and 241(6), as [*2]well as common-law negligence. Prior to the completion of discovery, including party depositions, Litt moved, among other things, for summary judgment dismissing the complaint insofar as asserted against him, arguing that he was entitled to the homeowner's exemption under Labor Law §§ 240 and 241 and that he did not supervise or control the method or manner of the decedent's work. The Supreme Court granted that branch of the motion. This appeal ensued.
"'Labor Law § 240(1) imposes upon owners, contractors, and their agents a nondelegable duty to provide workers proper protection from elevation-related hazards'" (Argueta v Hall & Wright, LLC, 230 AD3d 1200, 1201, quoting Thorpe v One Page Park, LLC, 208 AD3d 818, 820). "'Labor Law § 241(6) imposes upon owners and general contractors, and their agents, a nondelegable duty to provide reasonable and adequate protection and safety for workers, and to comply with the specific safety rules and regulations promulgated by the Commissioner of the Department of Labor'" (id., quoting Moscati v Consolidated Edison Co. of N.Y., Inc., 168 AD3d 717, 718). "Labor Law §§ 240(1) and 241(6) specifically exempt from liability thereunder 'owners of one and two-family dwellings who contract for but do not direct or control the work'" (Punina v Canaday, 230 AD3d 706, 706; see Lazo v Ricci, 178 AD3d 811, 811-812; Ortega v Puccia, 57 AD3d 54, 60). "'Applicability of the exemption turns on whether the site and purpose of the work was connected to the owner's residential use of the property' and must be based on the owner's intentions at the time of the injury" (Argueta v Hall & Wright, LLC, 230 AD3d at 1203 [citation and internal quotation marks omitted], quoting Marquez v Masciosia, 165 AD3d 912, 913; see Caiazzo v Mark Joseph Contr., Inc., 119 AD3d 718, 721). "'[I]n ascertaining whether a particular homeowner's actions amount to direction or control of a project, the relevant inquiry is the degree to which the owner supervised the method and manner of the actual work being performed by the injured employee'" (Venter v Cherkasky, 200 AD3d 932, 933, quoting Rajkumar v Lal, 170 AD3d 761, 762).
Here, Litt failed to establish, prima facie, that at the time of the accident, the purpose of the work was connected to his residential use of the property or that he did not supervise the method and manner of the actual work being performed by the decedent. While Litt submitted his own affidavit establishing that the site of the work was previously his family's primary residence and that his family returned to the property after the work was completed, Litt failed to establish, prima facie, that at all relevant times, the work was being completed for his residential use of the property (see Pawelic v Siegel, 220 AD3d 883, 884; cf. Argueta v Hall & Wright, LLC, 230 AD3d at 1203). Furthermore, Litt's affidavit and the evidence submitted regarding an agreement between Litt and the defendant Spiotta Construction Management Corp. failed to eliminate triable issues of fact regarding Litt's supervision and control of the work performed by the decedent, who was employed by a subcontractor on the project (see Mitchell v 148th St. Jamaica Condominium, 221 AD3d 596, 599; Venter v Cherkasky, 200 AD3d at 933).
Moreover, Litt failed to make a prima facie showing of his entitlement to judgment as a matter of law dismissing the Labor Law § 200 and common-law negligence causes of action insofar as asserted against him. "Labor Law § 200 codifies the common-law duty of an owner or general contractor to maintain a safe workplace" (Valencia v Glinski, 219 AD3d 541, 545; see Wilson v Bergon Constr. Corp., 219 AD3d 1380, 1382). "'Cases involving Labor Law § 200 fall into two broad categories: namely, those where workers are injured as a result of dangerous or defective premises conditions at a work site, and those involving the manner in which the work is performed'" (Wilson v Bergon Constr. Corp., 219 AD3d at 1382, quoting Ortega v Puccia, 57 AD3d at 61). "Where a premises condition is at issue, property owners may be held liable for a violation of Labor Law § 200 if the owner either created the dangerous condition that caused the accident or had actual or constructive notice of the dangerous condition that caused the accident" (Ortega v Puccia, 57 AD3d at 61; see Moscati v Consolidated Edison Co. of N.Y., Inc., 168 AD3d at 719-720). "Where 'a claim arises out of alleged defects or dangers arising from a subcontractor's methods or materials, recovery against the owner or general contractor cannot be had unless it is shown that the party to be charged exercised some supervisory control over the operation'" (Wilson v Bergon Constr. Corp., 219 AD3d at 1382-1383, quoting Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 505). "Where, as here, the plaintiff alleges that an accident involves both a dangerous condition on the premises and the means and methods of the work, 'the property owner moving for summary [*3]judgment with respect to causes of action alleging a violation of Labor Law § 200 is obligated to address the proof applicable to both liability standards'" (Venter v Cherkasky, 200 AD3d at 934, quoting Moscati v Consolidated Edison Co. of N.Y., Inc., 168 AD3d at 720; see Reyes v Arco Wentworth Mgt. Corp., 83 AD3d 47, 52). Unless a defendant moving for summary judgment can establish, as part of the defendant's prima facie showing, that the accident falls into only one of the two broad categories of Labor Law § 200 cases (see Poulin v Ultimate Homes, Inc., 166 AD3d 667, 673), the moving defendant can only prevail when the evidence exonerates the defendant as a matter of law "for all potential concurrent causes of the plaintiff's accident and injury, and . . . no triable issue of fact is raised in opposition as to either relevant liability standard" (Venter v Cherkasky, 200 AD3d at 934 [internal quotation marks omitted]; see Reyes v Arco Wentworth Mgt. Corp., 83 AD3d at 52).
Here, contrary to Litt's contention, he failed to establish, prima facie, that the allegations in the complaint fell solely into the means and methods category of Labor Law § 200. Litt further failed to eliminate triable issues of fact as to whether he caused, created, or had actual or constructive notice of the alleged dangerous conditions, or whether he directed or controlled the method and manner in which the decedent performed the injury-producing work (see Venter v Cherkasky, 200 AD3d at 934; Reyes v Arco Wentworth Mgt. Corp., 83 AD3d at 52).
Accordingly, the Supreme Court should have denied that branch of Litt's motion which was for summary judgment dismissing the complaint insofar as asserted against him, regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
GENOVESI, J.P., DOWLING, WAN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court